#3

Fee Paid

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED
MAR 13 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

# UNITED STATES DISTRICT COURT
for the

OSMOND O'NEIL CHRISTIE )
_Petitioner_ )
)
v. )  Case No. 18-50J
) (Supplied by Clerk of Court)
)
WARDEN S. M. KUTA, GEO, GROUP INC. )
_Respondent_ )
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Osmond O'Neil Christie
   (b) Other names you have used: NONE
2. Place of confinement:
   (a) Name of institution: MOSHANNON VALLEY CORRECTIONAL CENTER
   (b) Address: 555 GEO DRIVE
       PHILLIPSBURG, PA 16866
   (c) Your identification number: _____
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, NORFOLK DIVISION.
   (b) Docket number of criminal case: 2:16-cr-00040-RBS-DEM-1
   (c) Date of sentencing: 09/02/2016
   ☐ Being held on an immigration charge
   ☐ Other (explain): _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: __Central Office Administrative Remedy Appeal, 320 First St.,NW, Washington DC 20534__

    (b) Docket number, case number, or opinion number: __Remedy No. 921752-A1__

    (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): __Ian Connors, Administrator, National Inmate Appeals determination that my sentence has been calculated accurately and to be serve consecutively instead of concurrently as ORDERED.__

    (d) Date of the decision or action: __January 4, 2018__

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☒ Yes           ☐ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court: __Warden S. M. Kuta, Moshannon Valley Correctional Center__

    (2) Date of filing: __8/08/ 2017__

    (3) Docket number, case number, or opinion number: __Step 2 Admin. Remedy__

    (4) Result: __Denied__

    (5) Date of result: __August 30, 2017__

    (6) Issues raised: __Requsted sentence change from consecutive to concurrent asimposed by Chief District Judge Rebecca Beach Smith (E.D.VA).__

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

---

(b) If you answered "No," explain why you did not appeal: _____

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☒ Yes            ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: Warden S. M. Kuta, Moshannon Correctional Center

   (2) Date of filing: 09/05/2017

   (3) Docket number, case number, or opinion number: Admin. Remedy

   (4) Result: Denied

   (5) Date of result: 09/07/2017

   (6) Issues raised: Requested sentence change from consecutive to concurrent as imposed by Chief District Judge Rebecca Beach Smith. (E.D.VA).

   (b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☒ Yes            ☐ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court: Regional Administrator

   (2) Date of filing: 11/05/2017

   (3) Docket number, case number, or opinion number: 921752-R1

   (4) Result: Denied

   (5) Date of result: 11/16/2017

   (6) Issues raised: Requested sentence change from consecutive to concurrent as imposed by Chief District Judge Rebecca Beach Smith.

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❒ Yes ❒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court: N/A

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court: N/A

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____ N/A _____

11. **Appeals of immigration proceedings**

    Does this case concern immigration proceedings?

    ❏ Yes    ❏ No

    If "Yes," provide:

    (a)    Date you were taken into immigration custody: _____

    (b)    Date of the removal or reinstatement order: _____

    (c)    Did you file an appeal with the Board of Immigration Appeals?

        ❏ Yes    ❏ No

        If "Yes," provide:    N/A

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

    (d)    Did you appeal the decision to the United States Court of Appeals?

        ❏ Yes    ❏ No

        If "Yes," provide:    N/A

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

     (4) Result: _____

     (5) Date of result: _____ N/A

     (6) Issues raised: _____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes      ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____ N/A

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Petitioner has a due process right to serve the concurrent sentence imposed for his supervised release violation of June 21, 2016, in docket No. 2:97Cr2 by Chief District Judge Rebecca Beach Smith(E.D.VA), on September 2, 2016.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

**SEE MEMORANDUM OF FACTS (attached)**

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO**: _N/A_

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_//_

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE**: _N/A_

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_//_

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _N/A_

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _NO_

### Request for Relief

15. State exactly what you want the court to do: _Petitioner's sentence to be serve concurrent as imposed by Chief District Judge Rebecca Smith (E.D.VA)._

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: 

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 03/05/2018

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

IN THE UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT of PENNSYLVANIA

OSMOND O'NEIL CHRISTIE,      )
             Petitioner.   )            Criminal No. 2:16-Cr-00040
      V.                       )
                                )            Civil    No. _____
WARDEN S.M.KUTA, M.V.C.C; GEO )
GROUP INC.-------------------  )
            Respondent.   )

MOTION PURSUANT TO TITLE 28 U.S.C. § 2241

PETITIONER CHRISTIE'S MOTION FOR FULL
CREDITS TOWARDS HIS CRIMINAL SENTENCE
PURSUANT TO THE SENTENCING ORDER OF
CHIEF DISTRICT JUDGE REBECCA BEACH
SMITH, OF THE UNITED STATES DISTRICT
COURT OF THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION, ON SEPTEMBER 2, 2016.

    Petitioner Osmond O'Neil Christie, (hereinafter "Petitioner") Proceeding Pro se and respectfully urging this Honorable Court, in the interest of justice to grant full credit towards his criminal sentence pursuant to the provisions of 28 U.S.C. § 2241. This Motion is base on the following ground(s):

i. Petitioner's sentence (2:16 CR00040-001) was <u>ORDERED</u> to be served concurrently to the sentence imposed for his supervised release violation of June 21, 2016, in docket no. 2:97-Cr2. by Chief district Judge Rebecca Smith. Title 18 U.S.C. § 3585 (b) Commands that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in <u>official detention</u> prior to the date the sentence commences—
>> "(1) as a result of the offense for which the sentence was imposed; or
>>
>> "(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; "that has not been credited against another sentence."

## ii. JURISDICTION

This Honorable Court has jurisdiction to entertain Petitioner's 28 U.S.C. § 2241 motion because Petitioner is "in custody" pursuant to a sentence of the United States District Court for the Eastern District of Virginia, Norfolk Division.

## iii. Incorporated by Reference

The facts set forth in the attached § 2241 (form AO242 [12/11]

2

are incorporated by reference herewith as if set forth at length hereat and vice-versa.

### iV. PRO SE LITIGANT

Petitioner respectfully urges this Honorable Court to construe his Pro se pleading liberally and generously; and, may not subject the Petitioner to the same standards that would apply to the pleadings drafted by lawyers.

### V. Statements

The statements contained in the Petitioner's Judgement of Conviction, on September 2, 2016, and his pre-sentence report (PSR), presently a record before the court, adequately summerizes the historical facts and events in this case. It is not intended to be an exhaustive statement of all significant facts, but set the stage for more detailed fact-finding.

### VI. PETITIONER'S SENTENCE (2:16-CR-00040-001) WAS ORDERED TO BE SERVED CONCURRENTLY TO THE SENTENCE IMPOSED FOR HIS SUPERVISED RELEASE VIOLATION OF June 21, 2016, IN DOCKET No. 2:97 CR2. BY CHIEF DISTRICT JUDGE REBECCA BEACH SMITH.

A. BACKGROUND

In the response to Petitioner's Central Administrative Remedy Appeal, Exhibit **A1-17**, the defendant Warden S. Kuta, GEO GROUP,

Inc, contends that Petitioner was sentenced in the United States District Court, for the Eastern District of Virginia to a 48 months term of imprisonment for reentry of a Deportable Alien. That this sentence was **ordered** to be served concurrently by Chief District Judge Rebecca Beach Smith. But 3584 (c), requires multiple terms of imprisonment ordered to run concurrently be treated for administrative purposes as a single, aggregate term of imprisonment. And because of this, Petitioner's current sentence of September 2, 2016, pursuant to Program Statement 5880.28, <u>Sentence Computation Manual</u> (CCCA of 1984), and the provision of Title 18, U.S.C § 3585(a) the earliest possible date a sentence can commence is the date on which it is imposed, could not be calculated to run concurrently to the 6-month sentence as ordered by the Chief District Judge Rebecca Beach Smith.

In addition, the Response also stated, "Title 18 U.S.C. § 3585 (b), prohibits the application of credits for time spent serving another sentence." That the time from January 4, 2016, (Date of Official Detention) through July 4, 2016, cannot be applied towards Petitioner's 48 months sentence.

B. <u>ARGUMENT</u>

First, Petitioner has a due process right, as articulated in Hill v. United States ex rel. Wampler, 298, U.S. 460, 56 S.Ct. 760, 80 L. Ed. 1283 (1936), to serve only the sentence imposed by the sentencing judge, in this case, Chief District Judge Rebecca

Beach Smith (E.D.VA). The United States Supreme Court stated " the court speaks through its judgement, and not through any other medium," Id. at 465.

Second, Petitioner's Judgement of Conviction of 09/02/2016, Case No. 2:16-Cr- 00040 clearly states "This term of imprisonment shall be served concurrently to the sentence imposed for his supervised release violation on June 21, 2016, in docket No. 2:97Cr2."

Third, Petetioner was sentenced pursuant to the Sentencing Reform Act of 1984, of whic Title 18 U.S.C. § 3585 is a part. See Gozlon-Peretz v. United States, 498 U.S. 395, 407-408 (1991). Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states;.. "Calculation of a term of imprisonment

> "(b) Credit for Prior Custody.—A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> "(1) as a result of the offense for which the sentence was imposed; or
>
> "(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; "that has not been credited against another sentence."

5

<u>Petitioner's federal sentence commenced on January 4, 2016,</u> <u>because he was in official detention</u> from that date and could not be <u>release due to prior</u> Public Safety Factor (Deportable Alien) <u>and the the resaon for the violation of Supervised Release.</u>

Credit against the September 2, 2016, sentence must be granted because the period of time spent in "official detention" prior to sentencing was carefully considered by Chief District Judge Rebecca Beach Smith and because Petitioner was subject to BOP'S control. Reno v. Koray, 515 U.S. 58, 115 S.Ct. 2021, 132 L. Ed. 2d 46, 1995. See also, Randall v. Whelan, <u>938 F.2d 522,</u> 525 (CA4. 1991).

Fourth, Relevant BOP Regulations and Policies, Programs Statement 5880.28, (CN-03) February 14, 1997, P1.26 states:

> (2) <u>Documentation.</u> Prior custody credit will be given only with proper documentation indicating that the prisoner was in official detention within the application of paragraph 5.
>
> Proper documentation will consist of written documentation, for placement in the prisoner's <u>Judgement and Commitment File,</u> from any Law enforcement agency (including probation officers). This includes verified phone, fax, or teletype messages, PSI, Rap Sheet, Booking Sheets, SENTRY, USM Form 129, etc.

Petitioner submitted his Judgement and Commitment Order, also his docket entry sheet supporting the written Order, all in support of his Administrative Remedy.

Lastly, Petitioner Christie's sentence and Geo, Group INC., Warden S. M. Kuta (the defendant), authority to confine him begins and ends with the sentence pronounced by Chief District Judge Rebecca Beach Smith. See Hill v. United States ex rel. Wampler, 298 U.S. 460, 465, 56 S.Ct. 760, 80 L. Ed 1283 (1936). In addition, both the text and the purpose of 3585(b) clearly comtemplate that a person who is lock up for 24 hours day, seven days a week, pursuant to a court order, is in "official detention." Reno v. Koray 515, U.S. 66, 115 S.Ct. 2021, 132 L. Ed 2d 46, (1995). Administrative Authorities have "no power to alter a sentence," Hill v. United States ex rel. Wampler, 298 U.S. 460 at 56.

## CONCLUSION

For the foregoing reasons, Petitioner Pray that the Court grant full credit of the concurrent sentence imposed by Chief District Judge Rebecca Beach Smith for the Eastern District of Virginia, to include Specific instruction to the defendant.

Respectfully Submitted,

*[signature]*
OSMOND O'NEIL CHRISTIE
3/5/2018

7

CERTIFICATE OF SERVICE

I certify that on 03/05/2018, I served a copy of this § 2241 Motion to Warden S. M. Kuta, (M.V.C.C.), Geo Group INC., addressed as shown below:

555 GEO DRIVE

PHILLIPSBURG, PA 16811


*Osmond O'Neil Christie*
Signature